UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Herbert Anderson,

    Plaintiff,

    v.                                        Case No. 2:15–cv–2798

Gary Mohr, *et al.*,                Judge Michael H. Watson

    Defendants.

## OPINION AND ORDER

Plaintiff, proceeding *pro se*, objects to the report and recommendation ("R&R") issued in this prisoner civil rights case brought pursuant to 42 U.S.C. § 1983. Obj., ECF No. 12. For the following reasons, the Court overrules Plaintiff's objections.

Upon an initial screen of the Complaint in this case, ECF No. 6, Magistrate Judge King issued an R&R recommending the Court dismiss Plaintiff's claims against Defendant Gary Mohr ("Director Mohr") and transfer the remaining claims to the Northern District of Ohio, Western Division. R&R, ECF No. 7.

After quoting the sole paragraph in the Complaint that mentioned Director Mohr, Magistrate Judge King concluded the allegation was conclusory and that it nonetheless fails to state a claim because *respondeat superior* liability does not exist in § 1983 cases. She noted that, in order to find a supervisor liable for the actions of his subordinates, a complaint must contain allegations that the supervisor encouraged the conduct of his or her subordinates or directly

participated in it in some way by showing, at a minimum, that the official at least "implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* at 3 (quoting *Combs v. Wilkinson*, 315 F.3d 548, 554 (6th Cir. 2002)). Because the Complaint failed to allege such conduct on the part of Director Mohr, Magistrate Judge King recommended dismissing the claims brought against him.

Additionally, citing 28 U.S.C. § 1391 (b)(1), (2), Magistrate Judge King concluded that transfer of the remaining claims was proper because the Complaint refers to events that occurred at the Allen Oakwood Correctional Institution ("AOCI"), which is located in Allen County, Ohio, and which falls within the territorial jurisdiction of the Western Division of the United States District Court for the Northern District of Ohio and because all of the defendants except Director Mohr appeared to be staff employed at AOCI. *Id.* at 4.

Plaintiff filed objections to the R&R, which appear to be untimely. Obj., ECF No. 12. The Court will nonetheless address Plaintiff's untimely objections. Plaintiff objects to both the dismissal of claims against Director Mohr and to the transfer of the remaining claims. Plaintiff also filed an Amended Complaint on October 13, 2015.

Magistrate Judge King issued the R&R pursuant to Federal Rule of Civil Procedure 72(b). Under that rule, the Undersigned must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The Undersigned may accept, reject, or modify the

R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

Plaintiff argues in his objection that Director Mohr was given notice via Plaintiff's grievances of his serious medical needs as well as of AOCI staff's denial of medical care, interference, discrimination, and retaliation. Thus, he alleges, Director Mohr was aware through the grievances of the constitutional violations committed by AOCI staff. Plaintiff also argues that the Complaint meets Federal Rule of Civil Procedure 8(a)'s notice pleading requirement. Plaintiff then states that Director Mohr established the Collegial Review Board, which eliminated needed medical care, and can be held liable on that basis.

Plaintiff's objections are not well taken. First, there are no allegations in the Complaint alleging Director Mohr's knowledge of Plaintiff's serious medical condition, and even if there were, knowledge alone is insufficient to state a claim.

Second, as Plaintiff correctly notes, Rule 8(a) requires Plaintiff to show entitlement to relief. The issue is whether Plaintiff's allegations are sufficient to state a claim for relief against Director Mohr.

Third, Plaintiff's Complaint makes one mention of the Collegial Review Board, stating, "Health care administrator recognize the necessity of a doctor's attention Collegial Review Board canceled medical appointment ordered by Wildman Health Care Administrator." Compl. ¶ 69, ECF No. 6. The Complaint makes no mention of Director Mohr's involvement with the Collegial Review Board and fails to allege that Director Mohr had any input in the decision to

cancel Plaintiff's medical appointment. Plaintiff's Amended Complaint fails to mention the Collegial Review Board at all and, aside from the prayer for relief, mentions Director Mohr in only the first paragraph—wherein Plaintiff alleges that Director Mohr and the other defendants are staff members employed by AOCI and states they are sued in both their individual and official capacities. Amend. Compl. ¶ 85, ECF No. 13. In the prayer for relief of the Amended Complaint, Plaintiff even characterizes Director Mohr's liability as a "failure to curtail the denial of Plaintiff's substantial due process, retaliation, harassment, interference and discrimination . . . ." *Id.* ¶ 2. That Plaintiff's claim is based on Director Mohr's failure to prevent constitutional violations committed by others is also evident from Plaintiff's objection, wherein he notes that the Complaint alleges that Director Mohr "failed to intervene to take action to alleviate constitution violations committed by AOCI staff." Obj. 5, ECF No. 12.

As noted in the R&R, a failure to prevent constitutional violations is insufficient to hold a supervisor liable under § 1983. "Plaintiff must allege that they did more than play a passive role in the alleged violations or show mere tacit approval of the actions of their subordinates." *Christensen v. Wiseman*, No. 1:11 CV 1837, 2011 WL 4376099, at *10 (N.D. Ohio Sept. 2011); *see also Salehpour v. Univ. of Tennessee*, 159 F.3d 199, 206–07 (6th Cir. 1998) (upholding grant of summary judgment to two defendants who had no knowledge of the alleged constitutional violation until the time the violations occurred because the evidence established no more than that defendants played a passive role or gave

tacit approval of the events). "[T]he supervisor must have encouraged the specific misconduct or in some way directly participated in it." *Christensen*, 2011 WL 4376099, at *10 (internal citations omitted). *See also Colvin v. Caruso*, 605 F.3d 282, 292 (6th Cir. 2010) ("[E]ven if a plaintiff can prove a violation of his constitutional rights, his § 1983 claim must fail against a supervisory official unless the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.") (internal quotation marks and citation omitted); *Bennett v. Schroeder*, 99 F. App'x 707, 712–14 (6th Cir. 2004) ("Having failed to come forward with any substantive evidence to establish that Defendant Schroeder personally participated in the alleged deprivation of Plaintiff's constitutional rights, we find that Plaintiff has failed to establish an essential element of his Section 1983 claim.") (citing *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995)). Plaintiff alleged none of those things in either the Complaint or Amended Complaint. Accordingly, his objections are **OVERRULED**, the R&R is **ADOPTED**, Plaintiff's claims against Director Mohr are **DISMISSED**, and the remainder of this case is **TRANSFERRED** to the United States District Court Northern District of Ohio, Western Division.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**